United States District Court
Southern District of Texas

**ENTERED**
July 29, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD A DUNSMORE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-132 |
| | § | |
| SCOTT  BURROUGHS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at the

Texas Department of Criminal Justice- Correctional Institutions Division's (TDCJ-CID's)

Terrell Unit in Rosharon Texas.  He filed a lawsuit in Nueces County alleging that

Defendant Burroughs violated the Fourth Amendment to the United States Constitution

when obtaining a search warrant to search his home, as well as other state claims for

refusal of the Defendant to return personal property to him that was not evidence for a

criminal proceeding (D.E. 1, Exh. 7).   Defendant Burroughs filed his answer and

removed this case to federal court based on the Fourth Amendment claim (D.E. 1, Exh.

9).[1]  Pending are Plaintiff's motions for appointment of counsel (D.E. 5, 32, 38).

In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of

access to the courts requires that the access be meaningful; that is, prison officials must

provide pro se litigants with writing materials, access to the law library, or other forms of

---

[1] The District Court denied Plaintiff's request for a remand and assigned this case to undersigned for pretrial management (D.E. 36).

legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further, *Bounds* did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 116 S. Ct. 2174, 2180 (1996). It is within the court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Department*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* This case is not overly complex. According to Plaintiff, Defendant violated his Fourth Amendment rights when executing a search warrant and Defendant seized property unrelated to any criminal violation and refuses to return such property (D.E. 1, Exh. 7). Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent. Plaintiff appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Id.* Examination of this factor is premature because the case has not yet been set for trial.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motions for appointment of counsel (D.E. 5, 32, 38) are denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 29th day of July, 2016.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE