Case 2:16-cv-00132 Document 50 Filed in TXSD on 11/09/16 Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
November 09, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD A DUNSMORE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:16-CV-132 |
| | § | |
| SCOTT BURROUGHS, | § | |
| | § | |
| Defendant. | § | |

### OPINION AND ORDER FOR MORE DEFINITE STATEMENT AND DENYING WITHOUT PREJUDICE PLAINTIFF'S PENDING MOTIONS

Plaintiff Richard Dunsmore brought this cause of action in state court on June 4, 2015, seeking injunctive and declaratory relief as well as damages from Defendant Scott A. Burroughs, individually and as chief of police of Port Aransas, Texas. Defendant removed the action to federal court on April 25, 2016 (D.E. 1). Plaintiff sought remand of the action to state court, but his motion was denied on July 21, 2016 (D.E. 36).

Plaintiff alleges that based on fabricated and erroneous information provided by two acquaintances, a member of the Port Aransas Police Department made a false or recklessly worded affidavit in order to obtain a warrant to search Plaintiff's property in Port Aransas, Nueces County, Texas. Plaintiff asserts that the language of the warrant was overbroad and authorized seizure of items unrelated to Plaintiff's alleged criminal conduct, resulting in a violation of Plaintiff's Fourth Amendment rights under the Constitution.

Plaintiff further alleges that even though nothing was found that tended to prove the criminal allegations, the Port Aransas Police Department has refused to return items

to him that he claims have exculpatory value in a different criminal matter, which he identifies as "56909" and "56910." Plaintiff seeks return of the seized items. In addition, Plaintiff claims that he has suffered damages because he cannot use his property to refute and impeach statements and false allegations made against him and seeks $100,000 in damages.

Plaintiff has filed a motion for an order compelling disclosure and discovery (D.E. 44) and a motion for a hearing (D.E. 47). As discussed more fully below, Plaintiff is ordered to file a more definite statement and his pending motions are denied without prejudice.

## BACKGROUND

Plaintiff provides scant background information in his complaint. In September 2010 Plaintiff was living in Port Aransas, Texas with a roommate when some sort of incident occurred. Law enforcement became involved and a member of the Port Aransas police department filed an affidavit for a search warrant which was granted. Plaintiff asserts that when law enforcement executed the search warrant, items were seized that were irrelevant to the incident that occurred in Port Aransas, but the items were made available for a proceeding involving sexual misconduct in another jurisdiction. Plaintiff refers to a seized property inventory attached as Exhibits 4(a) and 4(b) to his original complaint, but the inventory is not included in the materials removed from the state court.

# APPLICABLE LAW

### A.  Prison Litigation Reform Act

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA).  Under the PLRA, any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  The PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit.  *Jones v. Bock*, 549 U.S. 199, 202 (2007).  Plaintiff's action is subject to screening regardless of whether he prepays the entire fee or proceeds as a pauper.  *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1986)(per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998)(per curiam).  The fact that the case was removed from state court is of no consequence.  *Johnson v. Louisiana ex rel. Louisiana Dept. of Pub. Safety and Corr.*, 468 F.3d 278, 279 (5th Cir. 2006).  Plaintiff is proceeding *pro se* and is entitled to have his pleadings liberally construed.  *Haines v. Kerner*, 404 U.S. 519 (1972).

### B.  42 U.S.C. § 1983

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling

him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or respondeat superior liability of supervisors under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). *See also Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011)(the acts of subordinates do not trigger § 1983 liability for supervisory officials). If a plaintiff sues a defendant based on his role as supervisor, the Plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to Plaintiff's constitutional rights. *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). Establishing a supervisor's deliberate indifference generally requires a plaintiff to demonstrate "at least a pattern of similar violations." *Rios v. City of Del Rio, Tex.*, 444 F.2d 417, 427 (5th Cir. 2006)(citations omitted).

A review of Plaintiff's claims shows that although he names Port Aransas Police Chief Scott Burroughs in his individual capacity and as chief of police of the Port Aransas Police Department, Plaintiff does not describe any action taken by Burroughs. The only mention of Burroughs in the text of the complaint is Plaintiff's request for the Court to order Burroughs to return all items to Petitioner or a family member.

Regarding Plaintiff's other claims, "[a] civil rights plaintiff must support his

claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations." *Shultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1997). Plaintiff asserts that the search warrant was overbroad and also asserts that the police exceeded the parameters of the search warrant. However, he does not describe any circumstances underlying the issuance of the warrant, other than to say there was "unnecessary drama" and a "hissy fit by a 3rd party" that resulted in the issuance of the warrant. Without more detailed factual allegations, it is impossible to determine whether Plaintiff has a claim for violation of his Fourth Amendment rights based on the issuance of the search warrant. Plaintiff also complains that items seized under the search warrant were wrongfully used in a separate action in another jurisdiction. This allegation also is devoid of facts and it is unclear whether Plaintiff can state a cause of action.

    At this point Plaintiff has failed to state a claim against Burroughs for violation of his constitutional rights and has otherwise failed to show that his rights were violated by any actions taken by the Port Aransas police department. However, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." If the underlying facts or circumstances relied upon by a plaintiff are a proper subject of relief, he generally should be given an opportunity to test his claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In determining whether to allow a plaintiff to replead, courts look at factors such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party and the futility of the amendment. *Foman*, 371 U.S. at 182. The considerations in *Foman* apply to prisoner

cases screened under the PLRA as well.  *See, e.g., Baca v. Joshi*, No. 3:07-CV-2031-G, 2008 WL 2811317 (N.D. Tex. 2008)(court does not see a substantial reason to dismiss prisoner's § 1983 claims without granting leave to amend).

Although Plaintiff has not sought leave to amend, he will be allowed to do so in an effort to ensure that he has an opportunity to present all relevant facts.  "[W]hen it is not apparent from the face of the complaint whether the prisoner's contentions are frivolous or not, the district court should make an effort to develop the known facts until satisfied that either the claims have merit or they do not."  *Parker v. Carpenter*, 978 F.2d 190, 191 (5th Cir. 1992).  *See also Chavez v. First National Bank of South Africa*, No. DR-15-065-AM-VRG, 2015 WL 10818656 (W.D. Tex. 2015)(magistrate judge *sua sponte* granted plaintiff leave to amend complaint to cure deficiencies noted in order).  Accordingly, Plaintiff will be given an opportunity to amend his complaint to set forth with as much specificity as possible the facts supporting his allegations that Burroughs, or the City of Port Aransas, or both, violated his Fourth Amendment rights under the Constitution.

If Plaintiff wishes to proceed with his case, he is ORDERED to supplement his complaint with sufficient facts from which it can be determined whether he has stated a claim.  Specifically, Plaintiff must provide the following information:  (1) With regard to Defendant Burroughs, Plaintiff must specify what actions Burroughs took or did not take that resulted in a violation of Plaintiff's constitutional rights;  (2) Plaintiff must describe facts underlying his allegation that the search warrant was overly broad; (3) Plaintiff must describe the facts underlying his allegation that the officer or officers executing the warrant exceeded its parameters; (4) If Plaintiff is alleging that the City of Port Aransas is

liable for any constitutional harm he may have suffered, Plaintiff must describe the facts underlying his assertion (5) Plaintiff must describe the factual basis of his claim that the items seized in Port Aransas were used in a legal proceeding in another jurisdiction. In addition, Plaintiff must explain why his claim for money damages is not foreclosed by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).[1]

## CONCLUSION

Based on the foregoing, Plaintiff is further ORDERED to file his amended complaint within 30 days of his receipt of this order. Plaintiff's motions for an order compelling disclosure and discovery (D.E. 44) and for a hearing (D.E. 47) are DENIED without prejudice.

ORDERED this 9th day of November, 2016.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[1] In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held the following:
> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-487 (emphasis in original).