UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD A DUNSMORE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-132 |
| | § | |
| SCOTT BURROUGHS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON PENDING MOTIONS

Plaintiff Richard A. Dunsmore brought this cause of action in state court on June 4, 2015, seeking injunctive and declaratory relief as well as damages from Defendant Scott A. Burroughs, individually and as chief of police of Port Aransas, Texas. Defendant removed the action to federal court on April 25, 2016 (D.E. 1). Plaintiff sought remand of the action to state court, but his motion was denied on July 21, 2016 (D.E. 36). In his amended complaint filed on December 5, 2016, Plaintiff names as defendants the City of Port Aransas, Lieutenant Johnson in his official capacity,[1] and Scott Burroughs in his official capacity. (D.E. 55).

Pending before the undersigned are: (1) Plaintiff's Motion in Limine (D.E. 72); (2) Plaintiff's Motion that Verification Barred by *Heck vs. Humphrey* is Being Sought in the Trial Court (D.E. 75); and (3) Defendants' Second Motion for Extension of Time to File Responsive Pleadings and Dispositive Motions, and to Serve Disclosures (D.E 79). For

---

[1] Plaintiff did not serve Johnson, and Defendants have informed the Court that Defendant Johnson has died.

1 / 5

the reasons stated below, Plaintiff's motions are denied and Defendants' motion is granted.

## BACKGROUND

In an Order entered on February 8, 2017, the undersigned set forth a detailed summary in the background section as to Plaintiff's allegations raised in both his complaint and amended complaint. (D.E. 66). The undersigned further took judicial notice of two 2008 criminal proceedings in Brazoria County, Texas, in which Plaintiff pleaded guilty to convictions for sexual assault and attempted sexual assault. *See Dunsmore v. State*, Nos. 01-10-00981-CR and 01-10-00982-CR, 2012 WL 1249418 (Tex. App. –Houston [1st Dist.] 2012, pet. Ref'd).[2] The undersigned's summary, as set forth in the background section of the February 8, 2017 Order, is incorporated by reference herein and will not be repeated.

## DISCUSSION

### A. Motion in Limine

Plaintiff has filed a Motion in Limine seeking a Court order instructing all attorneys, parties, and witnesses not to mention certain matters before the venire panel or jury. (D.E. 72). However, because this case has not been set for trial, Plaintiff's motion is **DENIED** as premature.

---

[2] Plaintiff refers to these criminal proceedings in his pleadings as "56909" and "56910," which were their trial court case numbers.

### B. Motion for Verification

Plaintiff has filed a Motion that Verification Barred by *Heck vs. Humphrey* is Being Sought in the Trial Court. (D.E. 75). Plaintiff states very clearly that he is not asking this Court to release him from custody or vacate his Brazoria County convictions. Rather than seek any type of relief from this Court in his motion, Plaintiff is merely seeking to verify with the Court that he is currently petitioning the Brazoria County district court to release him from custody. Accordingly, while taking notice of Plaintiff's verification regarding his state court filings, his motion (D.E. 75) is DENIED as unnecessary.

### C. Motion for Extension

On April 6, 2017, the undersigned granted Plaintiff's first motion to extend deadlines and ordered Defendants to file a responsive pleading and dispositive motions, if any, on or before April 17, 2017. (D.E. 71). This deadline passed without any action on the part of Defendants. On May 4, 2017, Defendants submitted their second motion to extend these deadlines, seeking until May 11, 2017 to file a responsive pleading and to serve initial disclosures.

Defendants also seek to file dispositive motions within a week of the Nueces County District Attorney's Office reviewing materials in the possession of the Port Aransas Police Department. Defendants ask for this additional time in order to allow the Nueces County District Attorney's office time to properly review these materials and to make a decision about whether to move forward with any prosecution of Plaintiff in Nueces County. Defendants, however, have not provided a timetable as to when the

District Attorney plans to review the materials and make any decisions as to Plaintiff's prosecution. Upon consideration, Defendants' motion (D.E. 79) is granted, and they will be allowed an extension of the deadlines as set forth below.

## CONCLUSION

Plaintiff's Motion in Limine (D.E. 72) and Motion that Verification Barred by *Heck vs. Humphrey* is Being Sought in the Trial Court (D.E. 75) are DENIED. Defendants' Second Motion for Extension of Time to File Responsive Pleadings and Dispositive Motions, and to Serve Disclosures (D.E 79) is GRANTED as follows: (1) Defendants are ordered to file a Responsive Pleading and to serve initial disclosures on or before May 11, 2017; and (2) Defendants are ORDERED to file any dispositive motions on or before July 14, 2017. Absent a showing of extraordinary circumstances, no further extensions of time will be granted.

Respectfully submitted this 5th day of May, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).